Colcock, J.
The words of the act are “ that it shall and may be lawful to issue execution on any judgment or decree of any court of law or equity in this State, at any time within three years next, after the signing or enrolment thereof without any revival of the same.”
By which the legislature havedispensed with the necessary formalities of the common law of reviving a judgment and renewing execution for the period of three years next after the signing of the judgment. The question then is, has the ca. sa. in this case been lodged within that period? On an examination of the proceedings, it appears that the judgment was signed on the 29th April, 1822, and fi.fa. issued on the 30th (the next day) on which is endorsed “ no proceedings, execution returned.” also “ returned February, 1825,” and renewed 18th April 1825.” This renewal was a fi.fa. and lodged on the same day. On the back of it is written “ In this case the sheriff will proceed on the ca. sa. 14th June, 1825, (signed) J. O’Hanlon,” upon which there is no return. It further appears that a ca. sa. was issued on the 14th, and lodged on the 15th June, 1825, with a direction to the sheriff to proceed on this execution and not on the /i, fa. which is dated 14th June, 1825, and is returned by the sheriff” a>ni corpus, 8th October, 1825.” By which it is clear hat the execution which has been set aside was not issued within the $me given by the act. — The judgment having been signed *420 29th April, 1822, and the ca. sa. issued' on the 14tb June, and lodged on the 15th June, 1825, nearly two months after the threqyea-rs.
O'Hanlon, for the motion.
Wiilisson, contra.
But it was contended that the last execution may be considered'as arenewal oftheone issued within the three years. If it could be so considered, I should have no doubt of its validity; but a plaintiff may have both &ji fa. and ca. sa. at the same time, though he can proceed only on one of them1. Now here the seconder. fa. was taken out on the 18th April, 1825, and lodged with the sheriff, and remained in his office unreturned. The ca. sq. was then not a renewal of that, and it cannot be considered as-a renewal of the first, because that was functus officio when the ca. sa. issued, having been returned to the clerk, who had issued- another fi.fa. thereon. It was further contended that the issuing of the second fi. fa-. should be considered as a revival of the judgment, and that an execution might issue at any time within three years thereafter. But that would be a latitude of construction not warranted either by the- words of the act, or the rules of construction, as applied to acts impugning the common law. There are no words in the act which authorize us to say, that the issuing of execution is to be considered as a revival of the judgment; on the contrary, the act expressly says the execution maybe issued at any time, within the three years without renewal; nor can we extend the operation of the act beyond the obvious intention of the legislature, which was, to consider the judgment as operative for three years; the common law rule, which requires renewal after a year and a day, t<? the contrary notwithstanding.
Motion dismissed.